1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DOUGLAS SAMUEL JESSOP, | ) | Case No. 2:25-cv-10506-SPG-JC |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE WHY |
| | ) | THIS ACTION SHOULD NOT BE |
| v. | ) | DISMISSED WITHOUT PREJUDICE |
| | ) | |
| PEOPLE OF THE STATE OF | ) | |
| CALIFORNIA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## I.    INTRODUCTION

On October 24, 2025, in the Northern District of California, Petitioner Douglas Samuel Jessop filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") challenging ongoing proceedings in Los Angeles County Superior Court Case No. 25CJCF03077 ("State Case") on multiple grounds. (See, e.g., Petition at 2, 5-12, 15, 17). On October 28, 2025, the Petition was transferred to the Central District of California, and on November 4, 2025, it was assigned to this Court. (See Docket Nos. 4, ). It plainly appears from the face of the Petition and matters as to which this Court takes judicial notice, that the Petition does not name a respondent over which the Court has personal jurisdiction and that pretrial

proceedings are currently ongoing in Petitioner's State Case such that it would be appropriate for the Court to abstain from considering Petitioner's claims at this juncture and to dismiss the Petition and this action without prejudice.[1]

For the reasons explained below, Petitioner is ORDERED TO SHOW CAUSE within twenty (20) days of the date of this Order, why the Petition and this action should not be dismissed without prejudice.

## II.    DISCUSSION

### A.    The Petition Names the Wrong Respondent

A petitioner seeking habeas corpus relief must name the official having custody of him as the respondent to the petition. <u>See</u> 28 U.S.C. §§ 2242, 2243; <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 434-35 (2004) (the custodian is "the person with the ability to produce the prisoner's body before the habeas court"; internal quotation marks omitted). Where a petitioner is a state pre-trial detainee, as here, the proper respondent is the Sheriff as the immediate custodian. <u>See</u> <u>Devaughn v. Cooley</u>, 2009 WL 224060, at *2 (C.D. Cal. Jan. 29, 2009) (citations omitted).

Here, petitioner improperly names the People of the State of California as respondent. Petitioner's failure to name a proper respondent subjects the Petition to dismissal for lack of personal jurisdiction. <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).

### B.    Abstention

Federal courts "ordinarily should entertain and resolve on the merits an action within the scope of a jurisdictional grant, and should not 'refus[e] to decide a case in deference to the States.'" <u>Sprint Commc'ns, Inc. v. Jacobs</u>, 571 U.S. 69, 72 (2013) (quoting <u>New Orleans Pub. Serv., Inc. v. Council of City of New Orleans</u>, 491 U.S. 350, 368 (1989)). However, the Supreme Court has recognized

---

[1]Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ."

"certain instances in which the prospect of undue interference with state proceedings counsels against federal relief."  Id.; see also Younger v. Harris, 401 U.S. 37, 43 (1971) (recognizing a "longstanding public policy against federal court interference with state court proceedings").  Younger "exemplifies one class of cases in which federal-court abstention is required:  When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."  Sprint Commc'ns, Inc., 571 U.S. at 72; Younger, 401 U.S. at 43-55.

Federal courts may raise Younger abstention sua sponte.  See Hoye v. City of Oakland, 653 F.3d 835, 843 n.5 (9th Cir. 2011).  Younger abstention is appropriate if:  (1) there are ongoing parallel state criminal judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to resolve federal questions.  Dubinka v. Judges of Superior Ct., 23 F.3d 218, 223 (9th Cir. 1994) (quotations and citations omitted); see also Herrera v. City of Palmdale, 918 F.3d 1037, 1043-44 (9th Cir. 2019) (stating same and noting that where state proceedings meet foregoing requirements, federal court may abstain under Younger so long as the federal action would have the practical effect of enjoining the state proceedings) (citations omitted).  In this case, all of the Younger criteria are satisfied.

First, this Court takes judicial notice of the State Case – available via https://media.lacourt.org/lascmediaproxy/#/caseaccess/caseaccessdetail/25CJCF03 077-01/19796011 – which reflects that Petitioner has pleaded not guilty to a premeditated attempted murder charge with great bodily injury and use of a deadly weapon allegations relating to an offense allegedly committed on May 27, 2025, that a pretrial competency hearing is ongoing with the next hearing scheduled for January 21, 2026, and that pretrial proceedings are pending in the State Case.  See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record

including documents on file in federal or state courts).  The Petition likewise reflects that Petitioner is a pretrial detainee challenging ongoing pretrial proceedings in the State Case.  (See, e.g., Petition at 2-4).  Accordingly, it is apparent that there are ongoing state judicial proceedings – a factor which weighs in favor of abstention.  See Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972) (only in most unusual circumstances is defendant entitled to have federal interposition by way of injunction or habeas corpus until after jury comes in, judgment has been appealed from and case concluded in state courts).

Second, states have an important interest in passing upon and correcting violations of a defendant's rights.  See Roberts v. DiCarlo, 296 F. Supp. 2d 1182, 1185 (C.D. Cal. 2003) (citation omitted).  Accordingly, this factor likewise weighs in favor of abstention.

Third, petitioner has an adequate opportunity in the state proceedings, including state appellate proceedings, to resolve any federal questions that may have arisen during the proceedings.  See Middlesex Cnty. Ethics Comm'n. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982) (where vital state interests involved, federal court should abstain unless state law clearly bars interposition of constitutional claims) (citations and quotations omitted); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 253 (9th Cir. 1992) (doctrine of abstention precludes party from obtaining relief in federal court simply because party disagrees with result reached by state courts); Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) (federal court should assume state procedures will afford adequate opportunity for consideration of constitutional claims in absence of unambiguous authority to contrary).  Thus, this factor also weighs in favor of abstention.

Because all of the Younger requirements are satisfied, this Court must abstain and dismiss this action unless extraordinary circumstances exist.  See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 n.22

4

1 (1976) (Younger abstention not discretionary once conditions met); World
2 Famous Drinking Emporium, Inc. v. City of Tempe, 820 F.2d 1079, 1081 (9th Cir.
3 1987) ("When a case falls within the proscription of Younger, a district court must
4 dismiss the federal action.") (citation omitted).  Here, none of the claims asserted
5 by Petitioner, nor anything else in the record suggest the existence of
6 extraordinary circumstances.  See Younger, 401 U.S. at 45-46.  Accordingly, it
7 would be appropriate for the Court to abstain from considering Petitioner's
8 challenges to the ongoing proceedings in the State Case and to dismiss the Petition
9 and this action without prejudice based on the pendency of such proceedings.

10 **III.    ORDER**[2]

11        For the foregoing reasons, within twenty (20) days of the date of this Order,
12 Petitioner is ORDERED TO SHOW CAUSE, in writing, why the Court should not
13 abstain from considering Petitioner's claims at this juncture and dismiss the
14 Petition and this action without prejudice based on the pendency of the pretrial
15 proceedings in the State Case and the lack of personal jurisdiction over the
16 respondent.

17 DATED:  December 29, 2025

18

19                                          /s/

20                            Honorable Jacqueline Chooljian
21                            UNITED STATES MAGISTRATE JUDGE

22

23

24        [2]The Magistrate Judge's instant Order to Show Cause constitutes a non-dispositive ruling on
25 a pretrial matter.  To the extent a party disagrees with such non-dispositive ruling, such party may
   file a motion for review by the assigned District Judge within fourteen (14) days.  See Local Rule
26 72-2.1.  To the extent a party believes the Order to Show Cause to be dispositive, rather than non-
   dispositive, such party has the right to object to this Court's determination that it is non-dispositive
27 within fourteen (14) days.  A party will be foreclosed from challenging the Order to Show Cause if
28 such party does not seek review thereof, or object thereto.